### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:08CR476 |
| | ) | |
| SHEENA JAMES and | ) | ORDER ON |
| EMMANUEL JACKSON, | ) | MOTIONS TO SEVER |
| | ) | |
| Defendants. | ) | |

On May 15, 2009, a hearing was held on the following motions:

#49   Motion to Suppress, filed by Emmanuel Jackson
#48   Motion to Sever Counts (Rules 8 & 14), filed by Emmanuel Jackson
#67   Motion to Sever defendants (Rule 14), filed by the United States

The court recommended on the record that the motion to suppress (#49) be denied. The government's motion to sever the codefendants' trials (#67) was also granted on the record. The motion of Emmanuel Jackson to sever Count 10 from all other counts (#48) was taken under advisement. An expedited transcript has been ordered.

### A.   Motion to Sever Defendants (#67)

The government's motion to sever the defendants' trials was granted during the May 15, 2009 hearing, for the reasons stated on the record. It appears that counsel for Sheena James did not receive notice that the government's motion would be heard on May 15, and Sheena James was not represented at the hearing. For that reason, if Sheena James objects to her trial being severed from that of Emmanuel Jackson, defendant James will be given the opportunity to file a written objection or to request reconsideration of the ruling.

### B.   Motion to Sever Counts (#48)

On December 17, 2008 Sheena James and Emmanuel Jackson were indicted by a grand jury sitting in the District of Nebraska. Count 1 charges Jackson and James with conspiracy from on or about June 17, 2008 through on or about September 17, 2008, to

acquire firearms for prohibited persons. Counts 3, 5, 7, and 9 charge James with the transfer of firearms to a prohibited person while Jackson was a member of the conspiracy and Counts 2, 4, 6, and 8 charge James with making false and fictitious statements in acquisition of firearms while Jackson was a member of the conspiracy.

Count 10 charges Jackson alone as a felon in possession of a firearm, alleging that on or about the 13th day of October 2008, in the District of Nebraska, Jackson, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a 9mm firearm. It is Count 10 that Jackson seeks to sever.

Federal Rule of Criminal Procedure 8(a) permits the government to charge multiple counts in a single indictment provided the offenses charged are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) constitute parts of a common scheme or plan. Joinder is proper if any one of these three standards is met. Rule 8 generally favors joinder "to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Joint trials on all counts of an indictment are generally preferable for several reasons. First, separate trials necessarily involve a degree of "inconvenience and expense." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.), *cert. denied*, 539 U.S. 969 & 540 U.S. 960 (2003). Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome." *Id.*

In this case, Jackson argues that the government improperly joined Count 10 with the remainder of the counts because the firearm in Count 10 has nothing to do with nor is it connected in any way with Counts 1-9.

I find that defendant Jackson's Motion to Sever Counts should be granted. Count 10 involves an entirely separate incident in which Jackson, as admitted in the government's brief (#61), was arrested for being a felon in possession of a firearm following the stop on October 13, 2008 of a vehicle in which Jackson was the front seat passenger. Based upon the smell of marijuana officers searched the vehicle and found

a handgun under Jackson's seat. No claim is made by the government that the firearm was among the firearms involved in Counts 1-9, no claim is made that Sheena James had anything to do with the acquisition of the firearm, and the October 13, 2008 date alleged falls outside of the dates alleged in Counts 1-9.

Because Count 10 is not the same or similar in character, is not based upon the same act or transaction, and does not constitute parts of a common scheme or plan, I find that the indictment does not reveal a basis for joinder of Count 10 under Fed. R. Crim. P. 8(a).

**IT IS ORDERED:**

1. The defendant's Motion to Sever Charges (#48) is granted, and Count 10 is severed from the remaining counts of the indictment.

2. The government's Motion to Sever Defendants #67 is granted.

3. The Clerk shall amend the records of the court to show the severance of the trials of Sheena James and Emmanuel Jackson, and the severance of Count 10 from Counts 1-9 of the December 17, 2008 indictment as to Emmanuel Jackson.

4. Defendant Sheena James shall file any appeal or request for reconsideration of the court's order (*see* Minute Entry 69) granting the government's Motion to Sever Defendants (#67) within **10 business days** after the unredacted transcript of the May 15, 2009 hearing becomes available to counsel.

5. Pursuant to NECrimR 57.2, any appeal of this order granting Emmanuel Jackson's Motion to Sever Counts (#48) shall be filed with the Clerk of the Court within ten (10) days after the unredacted transcript of the May 15, 2009 hearing is available to counsel.

**DATED May 19, 2009.**

                                             **BY THE COURT:**

                                             **s/ F.A. Gossett**
                                             **United States Magistrate Judge**